Inhabitants of Great Barrington *vs.* Edward Austin & others.

A bond, the execution of which is admitted, reciting the principal obligor's appointment as collector of taxes, is sufficient evidence of his being such collector in an action on the bond against him and his sureties, to recover money received by him for taxes and not accounted for; notwithstanding oral evidence that the office was put up at a town meeting for sale by auction, and was bid off by another person in his absence for him.

For the purpose of proving that seals were duly appended to a bond, the plaintiff was permitted to ask the draftsman whether seals of the same kind were used in his office at the time of drafting this bond; and he testified that he had seen and used such seals there, but could not say whether any were there at that time. *Held*, that an exception to the admission of the question could not be sustained.

Action of contract upon a bond, dated March 12th 1855, executed by the defendant Austin as collector of taxes of Great Barrington for 1855, as principal, and the other defendants as his sureties, and reciting that, " at the annual town meeting of said inhabitants, this day legally held, the said Edward Austin has been this day duly chosen collector of taxes for the current year and until another shall be duly chosen and sworn in his stead," to recover a balance of money received by him for taxes, and not accounted for or paid over by him.

Austin was defaulted, and a trial of the action against the sureties was had in the court. of common pleas at June term 1857, before *Sanger*, J., who signed a bill of exceptions, the material part of which was as follows :

" The plaintiffs did not attempt to show by the town records of that year the election or qualification of Austin as collector ; but relied upon the recitals in the bond, the warrant and the tax lists that were given him as collector, and upon proof of the fact that he acted as collector, as *prima facie* evidence of his being collector. The town clerk of Great Barrington for that year was called by the plaintiffs; and testified, on cross-examination, " that, at the annual town meeting of that year, the office of collector of taxes was put up at auction to the lowest bidder ; that Austin (who had been the collector of the previous year) was present at the meeting, before and after the time when the office was so put up at auction, but at that time he was not present in the meeting, and one Doolittle bid off the collectorship, in the absence of Austin, and because Austin was absent, and, as Doolittle said afterwards during the said meeting, for Austin.

" There was evidence tending to show that Austin, acting as collector, collected a considerable portion of the taxes committed to him for collection ; and that he did not account for or pay over to the proper authorities, upon demand, a part of what he had collected.

" This was, in substance, the plaintiffs' case ; and when it was in, the defendants moved for a nonsuit, which motion the court overruled, and the defendants excepted.

" Evidence was introduced upon both sides, upon the question whether any seals were affixed to the bond at the time of its execution. Cyrus S. Plank, called by the plaintiffs, testified that he drafted the bond in suit from the form used the previous year, leaving the names blank, in his store, which was also the place of business of the town treasurer; that, after drafting it, he folded it up and left it upon the desk; and that he thought he did not put any seals upon it. The plaintiffs' counsel then offered to show that seals of the peculiar character of those upon the bond were, at that time, in said office ; and it

was allowed, against the defendants' objection and exception; and the witness testified that he had seen and used such seals there, but he was unable to say whether or not any such seals were in the office at the time of the drafting.

" The jury found for the plaintiffs, and the defendants alleged exceptions."

*J. Price*, for the defendants. 1. Austin was not chosen collector of taxes of Great Barrington for 1855; but Doolittle was, and had no power to transfer the office to Austin. *Sprague* v. *Bailey*, 19 Pick. 436. *Alvord* v. *Collin*, 20 Pick. 418. *Kepp* v. *Wiggett*, 10 C. B. 35.

2. The court erred in admitting the testimony of Plank, relating to the keeping in his store of seals like those upon this bond.

*H. L. Dawes*, (*I. Sumner* with him,) for the plaintiffs.

DEWEY, J. 1. Waiving the objection arising upon the form in which this case is brought before us by exceptions to the refusal of the presiding judge to order a nonsuit, and considering the question as arising upon a prayer for instructions to the jury that, upon the evidence, the plaintiffs were not entitled to a verdict in their favor, the court are of opinion that the action may be maintained, and that the jury properly returned a verdict in favor of the plaintiffs. Upon proper proof of the execution of this bond by the defendants, the recitals therein contained would be quite sufficient to estop the defendant from denying that Austin was such collector, in a suit seeking only to recover of the defendant the moneys he had received as such collector, by virtue of tax lists committed to him by the assessors to collect. There was evidence tending to show that Austin acted as collector, and collected a portion of the taxes committed to him for collection; and for this amount he may be properly charged, so far as he has failed to pay over the same. The town records were not introduced by either party, and no competent evidence offered that should affect the case, if we give no higher effect to the recitals in the bond than *prima facie* evidence that Austin was the collector of taxes. In any aspect of the question, we see no ground for exceptions for insufficiency of proof to

show that Austin was liable to be charged as collector for the moneys which he thus received on the tax list committed to him.

2. The other exception taken is to the ruling of the court as to the competency of certain evidence upon the question whether the instrument now offered as a bond had seals thereon at the time of its execution. The ruling objected to was, tha the plaintiffs might show that seals of the peculiar character of those on this bond were in the office where this bond was drafted. Whether such ruling was right or wrong was immaterial, as the witness to whom the question was propounded was unable to testify to any such fact.

*Exceptions overruled.*